Filed 1/14/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B308095 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. ZM042755) |
| v. | |
| DONNELL LUPER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert S. Harrison, Judge.  Dismissed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

# BACKGROUND

Appellant Donnell Luper was committed to a state hospital in 2014 pursuant to section 1026 of the Penal Code[1] after he was found not guilty of felony vandalism (§ 594, subds. (a), (b)(1)) by reason of insanity (NGI).

On August 27, 2020, pursuant to the People's petition, the trial court ordered Appellant's commitment extended for two years[2] pursuant to section 1026.5, subdivision (b).

In his brief, Appellant's counsel advises that he has reviewed the record of the section 1026.5 proceedings and found no arguable issues to raise on appeal. Counsel has further notified Appellant of his right to file a supplemental brief within 30 days of September 7, 2021, identifying any issues he believes warrant review and of his right to a copy of the record on appeal to facilitate such briefing. This court also notified Appellant of his right to file a supplemental brief. Appellant has not filed a supplemental brief. Counsel has taken these steps in accordance with the procedures articulated in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*)[3] and requests that we independently review the record for error pursuant to those same procedures. We

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     This was the second such extension of Appellant's commitment.

[3]     The *Wende* procedures were established in response to the U.S. Supreme Court's holding in *Anders v. California* (1967) 386 U.S. 738 (*Anders*) that an indigent criminal defendant in his first appeal of right is entitled to a full review of the record by the appellate court if counsel fails to identify any arguable issues for appeal. (*Wende, supra,* 25 Cal.3d at p. 441.)

decline to do so.

## DISCUSSION

As counsel acknowledges, his request for *Wende* review conflicts with published authority. Specifically, Division Three of the Fourth Appellate District held in *People v. Martinez* (2016) 246 Cal.App.4th 1226, 1240 (*Martinez*) that *Wende* review is unavailable in appeals of orders pursuant to section 1026.5 extending NGI commitments. Counsel urges us to disregard this authority, however, and read subdivision (b)(7) of section 1026.5, as interpreted in *Hudec v. Superior Court* (2015) 60 Cal.4th 815 (*Hudec*), as mandating *Wende* review of NGI commitment extensions.

Subdivision (b) of section 1026.5 sets forth the procedures whereby an NGI commitment may be extended for two years by petition to the superior court. Among other things, these procedures afford the NGI respondent "the rights guaranteed under the federal and State Constitutions for criminal proceedings" and provide that "[a]ll proceedings shall be in accordance with applicable constitutional guarantees." (§ 1026.5, subd. (b)(7).) It is this language that counsel contends requires us to conduct *Wende* review in this case.

The Supreme Court in *Hudec* found that subdivision (b)(7) affords NGI respondents the right to refuse to testify in section 1026.5 commitment extension hearings because such right is guaranteed to criminal defendants in criminal trials. (*Hudec*, *supra*, 60 Cal.4th at p. 826.) In reaching this conclusion, the *Hudec* court read the text of subdivision (b)(7) as effectively granting NGI extension respondents all of the rights of a criminal defendant in an NGI extension hearing. (*Hudec*, *supra*, at p. 826.)

Despite the "apparent clarity" of subdivision (b)(7)'s command, the *Hudec* court acknowledged the difficulty inherent in "translati[ng] or transposi[ng] of procedural rights from the criminal context to the noncriminal." (*Hudec, supra*, 60 Cal.4th at p. 826.) Accordingly, the court allowed that "[w]here a right applicable in criminal proceedings cannot logically be provided within the framework of an NGI commitment extension hearing, we might infer the Legislature could not have meant for section 1026.5(b)(7) to encompass it." (*Hudec,* at p. 828.) The court found no absurd consequences in affording section 1026.5 extension hearing respondents the criminally accused's right not to testify. Doing so, it reasoned, would not require "nonstatutory procedures" to be "contrived" nor tend to prevent a section 1026.5 proceeding from going forward. (*Hudec,* at p. 829.) Based on this analysis, Appellant's counsel contends that because *Wende/Anders* review is practicable on NGI extension appeals, *Hudec* makes such review mandatory.

After carefully considering section 1026.5 and *Hudec*, we find that the correct question is not whether *Wende/Anders* procedures could be applied in appeals from section 1026.5 extension orders, but whether 1026.5, subdivision (b)(7), by its terms, applies to such appeals at all. It does not. The structure and text of section 1026.5, subdivision (b), compel the conclusion that subdivision (b)(7) applies only to extension proceedings before the superior court and not in any subsequent appeal.

Subsection (b)(1) states that commitments may be extended "only under *the* procedure set forth in *this subdivision*," i.e., subdivision (b). (§ 1026.5, subd. (b)(1), italics added.) The subsequent numbered paragraphs go on to describe procedures that could have application only to the hearing before the

4

superior court.  They describe the timing and form of the petition (subd. (b)(2)), require notice to the NGI respondent of his right to counsel and a jury trial (subd. (b)(3)), incorporate by reference the rules of discovery for criminal proceedings (*ibid.*), provide for the transfer of the respondent during the pendency of the hearing as necessary to bring him "within a reasonable distance from the court" (subd. (b)(5)), and require appointment of the county public defender or State Public Defender if the respondent is indigent (subd. (b)(7)).  Nowhere does section 1026.5 refer to appeals from extension orders.  As the entirety of subdivision (b) is directed to extension proceedings before the superior court, we read appellate proceedings commenced under section 1237—a procedure separate from "the procedure" referenced in section 1026.5, subdivision (b)(1)—as outside the scope of subdivision (b)(7).

Our conclusion finds support in *Hudec*.  The *Hudec* court summarized its holding as follows:  "By its terms, section 1026.5(b)(7) provides that NGI committees facing a commitment extension hearing enjoy the *trial* rights constitutionally guaranteed to criminal defendants . . . ."  (*Hudec, supra,* 60 Cal.4th at p. 832, italics added].)  We read the reference to "*trial* rights" rather than just "rights" as deliberate and limiting since the word "trial" does not appear in the actual "terms" of subdivision (b)(7).  By interpreting subdivision (b)(7) as embracing only proceedings before the trial court, we also heed the Supreme Court's unambiguous directive that *Wende/Anders* procedures are mandated solely in the context "of the indigent criminal defendant in his first appeal as of right . . . *and none other*."  (*In re Sade C.* (1996) 13 Cal.4th 952, 982–983, italics added.)  Courts have reached this conclusion regarding several

5

types of proceedings that are analogous to NGI proceedings. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 (*Ben C.*) [*Wende* procedures do not apply to LPS conservatorship proceedings]; *People v. Taylor* (2008) 160 Cal.App.4th 304, 312 [*Wende* does not apply to Mentally Disordered Offender (MDO) commitments].)

Our conclusion does not deprive NGI committees of their right to appeal, and to be assisted by counsel in doing so. It simply recognizes that the limited *additional* review that is only afforded to criminal defendants on their first appeal does not apply to an appellate proceeding that is not a first appeal of a criminal trial. If either counsel or the committed person identifies any issue for review, the appellate court will provide review.

## CONCLUSION

For these reasons, we reject counsel's argument that we are statutorily obligated to conduct a *Wende* review of the NGI extension proceedings below. We further adopt the *Martinez* court's conclusion that *Wende* review is not constitutionally mandated. Finally, we decline to exercise our discretion to conduct a *Wende* review. (*See Ben C. supra,* 40 Cal.4th at p. 544, fn. 7 [noting appellate court's prerogative to retain appeal where *Wende* review is not mandatory].) Counsel has identified no issues for our consideration. Nor has Appellant, despite notice from counsel and from this court of the opportunity to do so. We therefore dismiss the appeal. (*Martinez, supra,* 246 Cal.App.4th at p. 1240.)

**DISPOSITION**

The appeal is dismissed.

**CERTIFIED FOR PUBLICATION**


                                    HARUTUNIAN, J.*

We concur:


        GRIMES, Acting P. J.


        STRATTON, J.

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.